Caroline THOMAS, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster General Defendant–Appellee.

No. 03–5139.

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2004.

Caroline Thomas, pro se, Collierville, TN, for Plaintiff–Appellant.

Harriett Miller Halmon, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Defendant–Appellee.

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Before SUHRHEINRICH and CLAY, Circuit Judges; and GWIN, District Judge.*

### ORDER

Caroline Thomas, a Tennessee citizen, appeals pro se the summary judgment for defendant in an employment discrimination action she filed pursuant to Title VII of the Civil Rights Act of 1964. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Thomas filed this action against her former employer, alleging claims of discrimination based on sex, race, age, religion, disability, and retaliation, for actions taken during her employment by the defendant in 1997. After a contentious discovery period, defendant moved for summary judgment, and Thomas filed a response. The district court granted defendant's motion.

This court denied Thomas pauper status on appeal, and she paid the filing fee. In her brief, Thomas argues that this is a breach of contract action which the district court failed to address, and that she never received defendant's motion for summary judgment. She has narrowed her claims to events which occurred during May of 1997, and to a claim of sex discrimination, expressly abandoning her claims of discrimination on the basis of religion, disability, or retaliation, although she does mention age and race in some of her arguments.

The record in this case shows that Thomas was employed by defendant from 1996 to 1999. She was given several notices of removal which she successfully

challenged, and eventually was given a disability retirement. On May 15, 1997, she requested eight hours of leave because her children were ill. A dispute arose over the documentation Thomas was required to submit to excuse her absence, and she was charged with eight hours of AWOL. On May 17, she was given a notice of removal based on this AWOL incident. That notice of removal was rescinded because Thomas was not on probation and should have been given thirty days to grieve the notice. It was reissued on May 28. The subsequent grievance succeeded in having the notice reduced to a letter of warning. Thomas argued that there were men with worse attendance records who were treated more favorably.

■ Upon review, we conclude that the summary judgment for defendant must be affirmed, as there is no genuine issue of material fact, and defendant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to state a prima facie case of employment discrimination, Thomas was required to show that she is a member of a protected class, was performing her job in a satisfactory manner, was subjected to an adverse employment action, and was treated less favorably than those outside the protected group. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). An adverse employment action is something more than a threat of discharge. *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir.1999). A decision which is subsequently overturned through internal processes is not an adverse employment action. *Dobbs–Weinstein v. Vanderbilt Univ.*, 185 F.3d 542, 546 (6th Cir.1999). In this case, the notice of removal Thomas received in May 1997 was eventually reduced to a letter of warning, and she therefore cannot

establish an essential element of her prima facie case.

■ The other arguments Thomas raises on appeal are frivolous. Her claim that this was a breach of contract action which the district court misconstrued is without merit, as the district court would have had no jurisdiction over such an action. Title VII is the exclusive remedy for employment discrimination against federal employees. *Brown v. General Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Her frequently reiterated complaint that she never received defendant's motion for summary judgment is refuted by the record. In one of her numerous motions for sanctions, Thomas admitted receiving the motion, which she referred to derisively as a "stack of documents."

Because Thomas cannot establish a prima facie case of discrimination based on the events of May 1997 which she is challenging in this appeal, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.